UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>      )<br>            Plaintiff,  )<br>      )<br>      v.      ) | Cause No. 1:13-CR-00011-WTL-DML-1 |
| )<br>COREY E. HORTON,      )<br>      )<br>            Defendant.  ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the March 13, 2013 Order entered by the Honorable William T. Lawrence designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on March 13, 2013. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on April 12, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 12, 2013, Corey E. Horton ("Horton") appeared in person with appointed counsel, Michael J. Donahoe. The government appeared by MaryAnn T. Mindrum, Assistant United States Attorney. U. S. Parole and Probation appeared by Diane Asher, U. S. Parole and Probation officer.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. Mr. Horton was readvised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Horton and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3. Mr. Horton was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Horton was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Horton was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Horton was advised that if the preliminary hearing resulted in a finding of probable cause that Mr. Horton had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7. Mr. Donahoe stated that Mr. Horton would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

Mr. Horton executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Horton, through counsel, stipulated that he committed Violations 1, 2, and 3, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on March 13, 2013 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | As previously reported to the Court, on January 28, and 31, 2013, Mr. Horton provided urine specimens which tested positive for amphetamine. Mr. Horton admitted using methamphetamine on more than one occasion and signed an Admission Report of Positive Urinalysis form. A subsequent urine specimen collected on February 6, 2013, tested negative. |
| | On February 20, 2013, Mr. Horton provided a urine specimen which tested positive for amphetamine and cocaine. On February 25, 2013, Mr. Horton provided a urine specimen which tested positive for amphetamine. On March 1, 2013, Mr. Horton verbally admitted taking Valium, which was not prescribed to him. He also admitted snorting two lines of cocaine on or about February 28, 2013. He admitted using methamphetamine and cocaine on more than one occasion and signed an Admission Report of Positive Urinalysis form. |

9. The Court placed Mr. Horton under oath and directly inquired of Mr. Horton whether he admitted the violation of the specifications of his supervised release set forth above. Mr. Horton stated that he admitted the violations as set forth above. The

>  government moved to dismiss specifications numbered 4 through 9 contained in the Petition, and the Court dismissed the same.
> 
> 10. Counsel for the parties further stipulated to the following:
>     a. Violation 1 is alleged as a Grade B violation, pursuant to U.S.S.G. § 7B1.1(a)(2).
>     b. Mr. Horton has suffered criminal convictions that yield a criminal history category of IV.
>     c. The term of imprisonment applicable upon revocation of Mr. Horton's supervised release, therefore, is 12 to 18 months of imprisonment. *See*, U.S.S.G. § 7B1.4(a).
> 11. The parties agreed that revocation and a term of imprisonment of six (6) months, to be followed by two and a half (2.5) years of supervised release with the standard conditions (including any previous conditions imposed) and a special condition of no more than six (6) months to take place at the Volunteers of America.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Corey E. Horton, violated the above-delineated conditions in the Petition.

Mr. Horton's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of six (6) months, to be followed by two and a half (2.5) years of supervised release with the standard conditions (including any previous conditions imposed) and a special condition of no more than six (6) months to take place at the Volunteers of America.

The Magistrate Judge requests that Diane Asher, U. S. Parole and Probation Officer, prepare for submission to the Honorable William T. Lawrence, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*.  The parties waived the right to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Horton's supervised release and imposing a sentence of imprisonment of six (6) months in the custody of the Attorney General or his designee. Further, upon Mr. Horton's release from confinement, he will be subject to a term of supervised release of two and a half (2.5) years as set forth above.

**IT IS SO RECOMMENDED** this   04/15/2013

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

MaryAnn T. Mindrum
Assistant United States Attorney
maryann.mindrum@usdoj.gov

Michael J. Donahoe
Indiana Community Federal Defender
mike_j_donahoe@fd.org

U. S. Parole and Probation

U. S. Marshal